**STATE of Maine**

v.

**Edward DUPONT.**

Supreme Judicial Court of Maine.

Argued June 12, 1986.

Decided July 10, 1986.

---

Mary C. Tousignant, Dist. Atty., David Gregory (orally), Alfred, for State.

J. Armand Gendron (orally), Sanford, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Defendant, Edward Dupont, appeals from his conviction October 18, 1985, in Superior Court, in York county, of a single count of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(A)(Supp.1985–1986), alleged to have occurred at Sanford on or about August 1, 1981, and to have involved a daughter of the Defendant.

Although he failed to preserve the issue by appropriate steps in the trial court or to argue it in his principal brief, the Defendant asserts in his reply brief that his conviction should be vacated because the Superior Court instructed the jury on the element of compulsion in the language of the statute currently in effect, 17–A M.R.S.A. § 251(1)(E) (1983), rather than in the language of the statute in effect at the time of the alleged offense. 17–A M.R.S.A. § 253(1)(A) (Pamph.1980). For the earlier requirement of compulsion "by force and against the will of such other person," there is now substituted language that defines compulsion not only in terms of "physical force" but also in terms of "a threat of physical force or a combination thereof which makes a person unable to physically repel the actor or which produces in that person a reasonable fear that death, serious bodily injury or kidnapping might be imminently inflicted upon that person or upon another human being."

The record before us shows that here on this single encounter the victim submitted as a result of physical force only. On such facts the Defendant was not prejudiced.

Two other issues argued by the Defendant are without merit.

The entry is:

Judgment affirmed.

All concurring.